In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-17-00366-CR
NO. 09-17-00367-CR
_____

EX PARTE JOSEPH BOYD

On Appeal from the 1A District Court
Tyler County, Texas
Trial Cause Nos. 13,067 and 13,068

**MEMORANDUM OPINION**

In separate indictments, the State charged Joseph Boyd with committing online impersonation. *See* Tex. Penal Code Ann. § 33.07(a) (West 2011). Boyd challenged the facial constitutionality of the statute in a pre-trial application for writs of habeas corpus. The trial court denied the application after conducting a hearing. In his appeal, Boyd contends section 33.07(a) is unconstitutionally overbroad in violation of the First Amendment and unconstitutionally vague in violation of the Fourteenth Amendment. We affirm the trial court's order.

## Online Impersonation

The challenged statute provides:

> A person commits an offense if the person, without obtaining the other person's consent and with the intent to harm, defraud, intimidate, or threaten any person, uses the name or persona of another person to:
>     (1)     create a web page on a commercial social networking site or other Internet website; or
>     (2)     post or send one or more messages on or through a commercial social networking site or other Internet website, other than on or through an electronic mail program or message board program.

Tex. Penal Code Ann. § 33.07(a).

The indictment for Trial Cause Number 13,067 alleged that, on or about August 22, 2013, Boyd "without obtaining the consent of [the complainant S.M.],[1] . . . intentionally and knowingly use[d] the name and persona of the complainant to create a web page on a social networking site, namely MeetMe.com with the intent to harm [S.M.]" The indictment for Trial Cause Number 13,068 alleged that on or about December 27, 2016, Boyd "without obtaining the consent of [the complainant, R.S.] . . . intentionally and knowingly use[d] the name and persona of the complainant to create a web page on a social networking site, namely Facebook with

---

[1] To protect the privacy of the victims, we identify them by their initials. *See* Tex. Const. art. I, § 30(a)(1) (granting victims of crime "the right to be treated with fairness and with respect for the victim's dignity and privacy throughout the criminal justice process").

2

the intent to harm [R.S.]" Therefore, only the first subsection of section 33.07(a) is at issue here.

## Facial Challenge

A defendant may present a facial challenge to the constitutionality of a statute that defines the offense charged by filing a pretrial application for a writ of habeas corpus. *Ex parte Thompson*, 442 S.W.3d 325, 333 (Tex. Crim. App. 2014). A facial challenge attacks the statute itself rather than the statute's application to the defendant. *Peraza v. State*, 467 S.W.3d 508, 514 (Tex. Crim. App. 2015) (quoting *City of Los Angeles v. Patel*, 135 S.Ct. 2443, 2449 (2015)). Whether a statute is facially constitutional is reviewed *de novo* as a question of law. *Ex Parte Lo*, 424 S.W.3d 10, 14 (Tex. Crim. App. 2013).

We begin with the presumption that the statute is valid and that the Legislature has not acted unreasonably or arbitrarily in enacting the statute. *Ex parte Granviel*, 561 S.W.2d 503, 511 (Tex. Crim. App. 1978). Usually, the defendant bears the burden to establish a statute's unconstitutionality, and we make every reasonable presumption in favor of the statute's constitutionality, unless the contrary is clearly shown. *Peraza*, 467 S.W.3d at 514. In the context of a challenge based upon the First Amendment, however, the level of scrutiny depends upon whether a statute constitutes a content-based regulation of expression. *Thompson*, 442 S.W.3d at 344.

When a statute distinguishes favored from disfavored speech based on the ideas expressed, the content-based restriction is presumptively invalid and the State bears the burden to rebut that presumption. *Lo*, 424 S.W.3d at 15.

When a statute is challenged for overbreadth or for vagueness, we construe the challenged statute "in accordance with the plain meaning of its language unless the language is ambiguous or the plain meaning leads to absurd results that the Legislature could not possibly have intended." *Wagner v. State*, No. PD-0659-15, 2018 WL 849164, at *5 (Tex. Crim. App. Feb. 14, 2018).

### Overbreadth

Under the First Amendment overbreadth doctrine, "particularly where conduct and not merely speech is involved, . . . the overbreadth of a statute must not only be real, but substantial as well, judged in relation to the statute's plainly legitimate sweep." *Broadrick v. Okla.*, 413 U.S. 601, 615 (1973).

The First Amendment prohibits both government discrimination among viewpoints and government prohibition of public discussion of an entire topic. *Reed v. Town of Gilbert, Ariz.*, 135 S.Ct. 2218, 2230 (2015). A statute that regulates speech based upon its content is subject to strict scrutiny. *Id.* at 2227. Boyd contends section 33.07(a) is content-based because it is necessary to examine the content of a communication to determine whether a defendant violated section 33.07(a), in that

4

the defendant's intent to harm, defraud, intimidate, or threaten a person by using another person's name or persona without the person's consent to create a web page on a commercial networking site may only be determined by examining the contents of the web page. The Dallas Court of Appeals rejected this argument in *Ex parte Bradshaw*, which held:

> Critically, the only conduct regulated by section 33.07(a) is the act of assuming another person's identity, without that person's consent, with the intent to harm, defraud, intimidate, or threaten any person by creating a web page or posting or sending a message. Any subsequent "speech" related to that conduct is integral to criminal conduct and may be prevented and punished without violating the First Amendment. . . . Almost all conceivable applications of section 33.07(a) to speech associated with the proscribed conduct fall within the categories of criminal, fraudulent, and tortious activity that are unprotected by the First Amendment.

501 S.W.3d 665, 674 (Tex. App.—Dallas 2016, pet. ref'd) (internal citations omitted). Boyd suggests *Bradshaw* was incorrectly decided, and he argues that we should adopt the reasoning of the dissenting justice in *Ex parte Maddison*, that "[b]ecause you must look to the content of the speech, or into the mind of the speaker (intent), to determine if the statute is violated, the prohibited speech is properly characterized as content based." 518 S.W.3d 630, 641 (Tex. App.—Waco 2017, pet. ref'd) (Gray, C.J., dissenting). We decline to do so, as we agree with the majority opinion in *Maddison*, which reasoned that any restriction on speech promotes a significant government interest of protecting citizens from crime, fraud, defamation,

5

and threats from online impersonation, and serves a legitimate First Amendment interest in regulating false and compelled speech on the part of the individual whose identity has been appropriated. *Id.* at 639. Also, "because section 33.07(a) promotes a substantial governmental interest, the State's interest would be achieved less effectively without the law, and the means chosen are not substantially broader than necessary to satisfy the State's interest[.]" *Id.*

Boyd argues the vast sweep of the statute is protected speech, including satire, criticism, news, and political speech. To the extent that one could argue that speech is criminalized under the statute, it is crucial to note that the criminalized act would be impersonating the speech of a person who did not consent to the appropriation of his or her identity. *See State v. Stubbs*, 502 S.W.3d 218, 232 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd). We conclude that section 33.07(a)(1) is not unconstitutionally overbroad. Issue one is overruled.

**Vagueness**

Boyd contends that section 33.07(a) is unconstitutionally vague because persons of common intelligence must necessarily guess at its meaning and differ about its application. *See Vill. of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 498 (1982). "A criminal law that implicates First Amendment freedoms must: (1) be sufficiently clear to afford a person of ordinary intelligence a

reasonable opportunity to know what is prohibited, (2) establish determinate guidelines for law enforcement, and (3) be sufficiently definite to avoid chilling protected expression." *Ex parte Flores*, 483 S.W.3d 632, 643 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd).

In his habeas petition, Boyd argues, "Section 33.07 does not specify what sort of harm must be intended to criminalize a webpage—fraud? [E]mbarrassment? [H]urt feelings? Men of common intelligence must necessarily guess at its meaning and differ as to its application." In *Bradshaw*, the Dallas Court of Appeals held "the relevant penal code definitions of 'harm,' in conjunction with the operative provisions of section 33.07(a), sufficiently provide a person of ordinary intelligence fair notice of what the statute prohibits and do not authorize or encourage seriously discriminatory enforcement." 501 S.W.3d at 678. Likewise, in *Stubbs* the Fourteenth Court of Appeals concluded that

> [a] person of ordinary intelligence can comprehend from the definition of 'harm' and from the language of section 33.07(a) that the prohibited conduct is use of someone else's name or persona without her consent to create a web page or post a message online with intent to cause the enumerated types of data or computer damage, or anything reasonably regarded as or that might reasonably be suffered in the way of loss, disadvantage, or injury.

502 S.W.3d at 236. Furthermore, the inclusion of other words of intent—defraud, intimidate, and threaten—"reflects the Legislature's intent to target more intense

7

rather than less intent mental states." *Id.* at 237. We agree with the reasoning and conclusion of the Fifth Court of Appeals in *Bradshaw* and the Fourteenth Court of Appeals in *Stubbs*. We overrule issue two and affirm the trial court's order denying relief on Boyd's pretrial application for writs of habeas corpus.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on December 20, 2017
Opinion Delivered March 28, 2018
Do Not Publish

Before Kreger, Horton, and Johnson, JJ.